GEORGE W. MESERVE *vs.* PHILIP R. AMMIDON & another.

The measure of damages for breach of a contract to pay $1000 dollars in goods at the regular trade price, is a sum which bears the same proportion to $1000 that the market price of the goods does to the regular trade price.

CONTRACT against Philip R. Ammidon and Florentine W. Pelton, on the following agreement signed by them: "$1000. Boston, January 27, 1870. Ten days after date, we promise to pay to the order of George W. Meserve one thousand dollars in paper hangings at the regular trade price. Value received. Said paper to be taken within sixty days."

At the trial in the superior court, before *Brigham*, C. J., the defendants were allowed, against the objection of the plaintiff, to introduce evidence tending to show that the regular trade price of $1000 in paper hangings would be only $500 cash. The plaintiff requested the judge to instruct the jury " that the agreement should be construed as a promise to pay $1000, with the privilege on the part of the promisor of paying in paper hangings at the regular trade price within the time limited, and that for a total breach of the contract the measure of damages was $1000." The judge declined so to instruct the jury, and instructed them " that this was an agreement to pay $1000 in paper hangings at the regular trade price ; that it was at the option of the defendants to pay in paper hangings, on demand, or not, as they chose ; that, if they did not pay paper hangings, they must pay their cash equivalent; that the plaintiff contended that the cash equivalent of $1000 in paper hangings at the regular trade price was $1000 cash, and the defendants contended that the cash equivalent of $1000 in paper hangings at the regular trade price was but $500; that it was for the jury to decide what was the fair cash value of $1000 in paper hangings at the regular trade price, and that this sum the plaintiff was entitled to recover, if the jury found in his favor on the other points." The jury returned a verdict for the plaintiff for $500 and interest ; and the plaintiff alleged exceptions.

*P. E. Tucker*, for the plaintiff.

*I. S. Morse*, for the defendants.

BY THE COURT. A contract stipulating for the payment of $1000 in goods, and nothing further, would be construed to mean goods at the market price. Upon failure to deliver the goods, the amount recoverable would be $1000 ; because that would be the market value of the goods contracted for.

But if the parties stipulate for a different mode of estimating the goods, the amount or quantity to be delivered will be ascertained by the measure thus provided. One thousand dollars in goods at trade prices would call for such quantity of goods as, estimated by that standard of value, would amount to $1000. Upon breach, the amount recoverable in money would be the market value of the quantity of goods thus called for by the contract. That would vary from the gross nominal sum, in the same ratio that the market prices varied from trade prices at the time of breach. If trade prices were so arranged that a uniform rate of discount would indicate the market price, then the market value in money of the entire contract would be obtained by the same proportionate deduction from its nominal amount.

In this case, the market value is found by the jury of such a quantity of goods as, at trade prices, would amount to $1000; and for that sum only is the plaintiff entitled to recover as damages in money. *Exceptions overruled*